FILED
FEB 29 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY         DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUENOM, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARIA DIAGNOSTICS, INC., <br><br> Defendant, <br><br> and <br><br> ISIS INNOVATION LIMITED, <br><br> Nominal Defendant. | Case No. 12-CV-0189-BEN-BGS <br><br> ORDER GRANTING ARIA DIAGNOSTICS, INC.'S EX PARTE MOTION TO STAY PENDING RESOLUTION OF SEQUENOM'S MOTION TO DISMISS OR TRANSFER ARIA'S FIRST-FILED ACTION IN THE NORTHERN DISTRICT OF CALIFORNIA, [Doc. No. 13]. |

Pending before the Court is Defendant Aria Diagnostics, Inc.'s *ex parte* motion to stay this action pending resolution of Plaintiff Sequenom, Inc.'s motion to dismiss or transfer Aria's first-filed action in the Northern District of California.[1] Sequenom filed an opposition and Aria replied.

---

[1] On December 19, 2011, Aria filed a complaint for declaratory judgment against Sequenom in the Northern District of California, seeking a declaration that Aria's non-invasive prenatal test did not infringe any claim of U.S. Patent No. 6,258,540 ("the '540 patent"). *See Aria Diagnostics, Inc. v. Sequenom, Inc.*, Case No. 11-cv-6391-SI (N.D. Cal.). On January 24, 2012, Sequenom commenced this patent infringement action, alleging that Aria's prenatal test did infringe the '540 patent, which was licensed exclusively to Sequenom. [*See* Doc. No. 1.]

Two more declaratory judgment actions have been commenced against Sequenom in the Northern District of California, seeking a declaration of invalidity and non-infringement as to the '540 patent. *See Natera v. Sequenom, Inc.*, Case No. 12-cv-132-SI (N.D. Cal. filed Jan. 6, 2012); *Verinata Health, Inc. v. Sequenom, Inc.*, Case No. 12-cv-865-LB (N.D. Cal. filed Feb. 22, 2012).

1  Having considered the parties' arguments, the Court **GRANTS** the *ex parte* motion to temporarily stay this second-filed action. *See Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 185 (1952) ("If [the alleged infringer] is forehanded, subsequent suits against him by the patentee can within the trial court's discretion be enjoined pending determination of the declaratory judgment suit . . . ."); *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) ("The general rule favors the forum of the first-filed action, whether or not it is a declaratory action." (citation omitted)), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1089 (S.D. Cal. 2002) ("The first-filed rule is a comity rule for resolving conflicts of jurisdiction where parallel actions are filed in different federal district courts. It provides that where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit.").

Accordingly, this action is **STAYED** pending the resolution of Sequenom's motion to dismiss or transfer Aria's first-filed action in the Northern District of California. *See Aria Diagnostics*, Case. No. 11-cv-6391-SI (N.D. Cal.). Counsel for Aria is **ORDERED** to notify the Court as soon as there is a determination on Sequenom's motion to dismiss or transfer.

**IT IS SO ORDERED.**

Dated: February 29, 2012

Hon. Roger T. Benitez
United States District Judge

---

On January 24, 2012, Sequenom also commenced a patent infringement action against Natera in this District. *See Sequenom v. Natera, Inc.*, Case No. 12-cv-184-DMS-MDD (S.D. Cal.).

There are currently Sequenom's motions to dismiss or transfer to this District pending in two of the Northern District actions. *See Aria Diagnostics*, Case No. 11-cv-6391-SI, Doc. No. 13 (March 9, 2012 hearing); *Natera*, Case No. 12-cv-132-SI, Doc. No. 13 (March 30, 2012 hearing). On February 23, 2012, following a status conference in one of the other second-filed actions, Judge Sabraw ordered the parties to submit a joint motion to stay the case pending a ruling in the related Northern District case. *See Sequenom*, Case No. 12-cv-184-DMS-MDD, Doc. No. 10.